IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

|  |  |  |
|---|---|---|
| MILWAUKEE ELECTRIC TOOL CORPORATION, METCO BATTERY TECHNOLOGIES, LLC, AC (MACAO COMMERCIAL OFFSHORE) LIMITED and TECHTRONIC INDUSTRIES CO. LTD., | ) ) ) ) ) ) | Case No. 2:14-CV-01292-JPS |
| Plaintiff, | ) ) ) | PATENT CASE |
| v. | ) ) ) | JURY DEMANDED |
| MAX USA CORP., | ) ) ) |  |
| Defendant. | ) ) ) |  |

**MEMORANDUM IN SUPPORT OF MAX USA CORP.'S
MOTION TO STAY PENDING *INTER PARTES* REVIEW**

This litigation is one of eight separate co-pending patent infringement cases filed by the Plaintiffs in this Court that address common patents-in-dispute. In addition to this litigation against MAX USA Corp. ("MAX"), the other seven litigations include:

- Case No. 2-14-cv-01286, *Milwaukee Electric Tool Corp., et al. v. Richpower Indus., Inc.*

- Case No. 2-14-cv-01288, *Milwaukee Electric Tool Corp., et al. v. Hilti Inc.*

- Case No. 2-14-cv-01289, *Milwaukee Electric Tool Corp., et al. v. Chervon North America, Inc.*

- Case No. 2-14-cv-01290, *Milwaukee Electric Tool Corp., et al. v. Sunrise Global Mktg., LLC*

- Case No. 2-14-cv-01294, *Milwaukee Electric Tool Corp., et al. v. Tooltechnic Sys. LLC,*

- Case No. 2-14-cv-01295, *Milwaukee Electric Tool Corp., et al. v. Positec Tool Corp., et al.,* and

- Case No. 2-14-cv-01296, *Milwaukee Electric Tool Corp., et al. v. Snap-On Inc.*

On January 21, 2015, Chervon North America, Inc. ("Chervon"), Positec Tool Corporation and Positec USA, Inc. (collectively, "Positec"), Hilti Inc. ("Hilti"), and Tooltechnic Systems LLC ("Tooltechnic"), each a Defendant in one of the eight co-pending litigations, filed petitions for *Inter Partes* Review ("IPR") with the U.S. Patent & Trademark Office ("USPTO") seeking invalidation of three patents asserted against the Defendants: U.S. Patent Nos. 7,554,290 ("'290 Patent"), 7,944,173 ("'173 Patent") and 7,999,510 ("'510 Patent") (collectively, "the Patents-In Suit"). These are the only patents in dispute in the litigation filed against MAX.

On January 23, 2015, Chervon filed a motion to stay the litigation against it based on the filing of the IPR petition (case no. 2-14-cv-01289, dkt no. 16). For the same reasons expressed by Chervon in support of its motion, MAX is moving for a stay of this litigation based on the

1

IPR petition filed by Chervon, Positec, Hilti, and Tooltechnic.  A stay will preserve judicial resources and greatly minimize, if not completely eliminate, the need for costly discovery, claim construction, expert report, briefing and motion activities that would be rendered moot by the USPTO's invalidation of the claims of the Patents-In-Suit.

It is MAX's understanding that the Defendants in the other co-pending litigations will also be filing motions to stay based on the IPR petition filed by Chervon, Positec, Hili and Tooltechnic.  MAX further intends to file IPRs of its own in the future, and it is MAX's understanding that the other Defendants in the other co-pending litigations may also be filing additional IPRs in the future.

In order to minimize redundant argument this Court must review, MAX adopts Chervon's arguments and case law citations in its Memorandum In Support of Chervon's Motion to Stay Pending *Inter Partes* Review (Exhibit A hereto).  Regarding the one potentially fact specific issue raised in Chervon's motion, like Chervon, MAX also received a letter from Plaintiffs offering to license the Patents-in-Suit in 2011, but received no further communication from Plaintiffs.  In addition, the time intervals since the issue dates of the Patents-in-Suit and completion of the reexaminations are as set forth in Chervon's motion.  Thus, having themselves delayed filing suit by many years, Plaintiffs cannot now claim that a stay pending resolution of the IPR petitions will unduly prejudice them.

MAX further agrees to be bound by the results of the January 21, 2015 IPRs or any IPR petition MAX might file in the same manner as the petitioners, *i.e.*, MAX agrees to be precluded from challenging the validity of the Patents-In Suit during any subsequent litigation based on the grounds that have been raised in the January 21, 2015 IPR proceedings or any IPR petition MAX might file, per 35 U.S.C. § 315(e)(2).  If any of the claims of the Patents-In-Suit are not invalidated by the USPTO, this estoppel will simplify the issues to be addressed at trial.

2

The Court has the authority to stay this litigation pursuant to Federal Rule of Civil Procedure 16 and its inherent authority over its docket. A district court's power to stay a proceeding is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Texas Indep. Producers & Royalty Owners Assoc. v. EPA*, 410 F.3d 964, 980 (7th Cir. 2005) (citing and quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This authority extends to patent cases in which review by the USPTO has been requested. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988).

Accordingly, like Chervon, MAX requests this Court temporarily stay this litigation until the U.S. Patent and Trademark Office ("USPTO") determines whether to grant institution of *Inter Partes* Review of the '290 Patent, the '173 Patent and/or the '510 Patent and this Court determines whether the stay should be continued. The Court and the parties will know whether the USPTO will institute the *Inter Partes* Review proceedings no later than August 2015. 35 U.S.C. § 314(b). The Plaintiffs cannot reasonably argue that such a relatively short period will prejudice them. To the contrary, a stay will provide this Court and the Parties with a much clearer view of whether and how the litigation should proceed.

## CONCLUSION

For the foregoing reasons, this Court should grant Defendant MAX USA Corp.'s motion to stay.

Date: January 26, 2015          Respectfully submitted,

By: ___/Steven P. Weihrouch/___
Steven P. Weihrouch
sweihrouch@rfem.com
Robert P. Parker
rparker@rfem.com
Jennifer Maisel

3

jmaisel@rfem.com
ROTHWELL, FIGG, ERNST &MANBECK, P.C.
607 14th Street, N.W., Suite 800
Washington, D.C. 20005
Phone: (202) 783-6040
Fax: (202) 783-6031

Joseph T. Leone
jtl@dewittross.com
DEWITT ROSS &STEVENS SC
Two East Mifflin Street, Suite 600
Madison, WI 53703
Phone (608) 255-8891

*Attorneys for Defendant MAX USA Corp.*

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was electronically sent via the Court's electronic case filing system on January 26, 2015 to:

Scott W. Hansen
Paul Stockhausen
James N. Law
Jessica H. Polakowski
REINHART BOERNER VAN DEUREN, S.C.
1000 N. Water St., Suite 1700
Milwaukee, WI 53202
Phone: (414) 298-1000
Fax: (414) 298-8097

Jason C. White
MORGAN, LEWIS & BOCKIUS, LLP
77 West Wacker Drive
Chicago, IL 60601
Phone: (312) 324-1775
Fax: (312) 324-1001

Sean C. Cunningham
Erin Gibsin
Tiffany Miller
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101
Phone: (619) 699-2700
Fax: (619) 699-2701

Attorneys for Plaintiffs

                                                                                                 /Joseph T. Leone/
                                                  Joseph T. Leone

                                                  Attorney for Defendant MAX USA Corp.